UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE STOKES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. LOPEZ,<br><br>　　　　　Defendant. | Case No.: 1:24-cv-01280-CDB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDINGS<br><br>(Docs. 16, 17) |

Plaintiff Antwone Stokes ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983.  Following screening, this action proceeds on Plaintiff's first amended complaint, filed on July 7, 2025 (Doc. 10) against Defendant North Kern State Prison counselor J. Lopez ("Defendant") for claims under the First Amendment for retaliation and the Eighth Amendment for failure to protect.  *See* (Doc. 13).  On March 19, 2026, the Court entered an order finding service appropriate against Defendant J. Lopez and directed the Clerk of the Clerk to serve the order via email on CDCR along with a summons and the first amended complaint.  (Doc. 14).  Summons were issued to Defendant the same day.  (Doc. 15).

Pending before the Court is Plaintiff's motion to stay proceedings, filed on March 23, 2026. (Docs. 16, 17).  Plaintiff requests the Court "stop all court proceedings in all [his] cases[,]" representing that he will be released on July 28, 2026, and seeks the Court "suspend all proceedings until November 2026" due to the lack of resources as well as "CDCR doing all they can to have

[him] forced into dropping [his] lawsuits by using inmates to attack [him]." *Id.* at 2. Plaintiff represents that he was "jumped by [three] men" on March 14, 2026, and again the next day by six inmates due to filing lawsuits. *Id.* at 5-6.

In what appears to be a handwritten addition to the motion drafted on March 17, 2026, Plaintiff asks the Court to "grant a motion" to keep Plaintiff in administrative segregation until his release date of July 12, 2026, "due to [his] life being in danger" and asks the Court "don't halt any of my proceedings but to grant [his] motion." *Id.* at 7.

**Governing Authority**

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *accord CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In granting a stay, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id.*

Three factors guide the Court's determination of whether a stay is appropriate: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55).

**Discussion**

As noted above, following screening, this case proceeds against Defendant J. Lopez and service of that Defendant is pending. Plaintiff has not shown the requested eight-month stay of the case is warranted as he fails to address the relevant *CMAX* factors in support of his request. Indeed, because Plaintiff appears to ask the Court to not "halt any of [his] proceedings" in a later portion of his filing drafted on March 17, 2026, the Court construes that representation as a withdrawal of his request for a stay of this action. Therefore, the Court will deny Plaintiff's motion to stay.

Insofar as Plaintiff seeks the Court enter an order to place him in administrative segregation

2

until his release date, Plaintiff does not provide any authority pursuant to which the Court may award such injunctive relief.  Therefore, Plaintiff's motion for such an order is denied.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that Plaintiff's motion to stay proceedings (Docs. 16, 17) is DENIED.

IT IS SO ORDERED.

Dated:    **March 25, 2026**

UNITED STATES MAGISTRATE JUDGE

3